NIKKI L. BAKER, ESQ., Bar No. 6562
nbaker@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone:  702.786.1001
Facsimile:  702.786.1002

*Attorneys for Life Fitness, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PIERRE AARON HUDSON, individually,<br><br>Plaintiff,<br><br>vs.<br><br>LTF CLUB OPERATIONS COMPANY INC., dba LIFE TIME ATHLETIC, a foreign corporation; LIFE FITNESS, LLC., a foreign limited-liability company; ROE GYM EQUIPMENT MAINTENANCE COMPANY; DOES 1 through X, inclusive; and ROE CORPORATIONS III through X, inclusive,<br><br>Defendants.<br><br>LTF CLUB OPERATIONS COMPANY INC., dba LIFE TIME ATHLETIC,<br><br>Cross-claimant/cross-defendant<br><br>vs.<br><br>LIFE FITNESS, LLC,<br><br>Cross-claimant/cross-defendant | Case No: 2:24-cv-00983-RFB-MDC<br><br>**STIPULATED PROTECTIVE ORDER** |

– 1 –
STIPULATED PROTECTIVE ORDER

QB\95155803.1
03/10/25

– 2 –

Pursuant to the Federal Rule of Civil Procedure 26(c), all parties, by and through their respective counsel of record, hereby stipulate and agree that the handling of confidential material in these proceedings shall be governed by the provisions set forth below. The terms of this Protective Order shall apply to Confidential Information produced by any nonparty or additional parties joined during the course of this case.

## I. APPLICATION

This Protective Order shall govern the designation and handling of Confidential Information (defined below) produced in discovery in this litigation, whether by voluntary production or disclosure or in response to any formal discovery procedure, including designation and handling of nonpublic information of a confidential nature. This Protective Order does not affect any party's obligations under the Federal Rules of Civil Procedure to produce documents as required by the rules of discovery or an order of the Court. The purpose of this Protective Order is to facilitate the handling of nonpublic information of a confidential, private, or other proprietary business information within the meaning of FRCP 26(c)(1)(G).

## II. DEFINITIONS

A. **"Confidential Information"** means any document, information, or material that the producing party or protected person reasonably believes not to be in the public domain and reasonably believes contains information to which an individual or company has a right to privacy or confidentiality, including but not limited to, trade secrets, financial information, confidential, proprietary, and/or competitive business information.

B. **"Disclosed"** is used in its broadest sense and includes, *inter alia*, directly or indirectly shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

C. **"Discovery Material(s)"** means any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or written information, whether produced voluntarily or involuntarily, in response to discovery requests in this litigation by any party.

PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

   **D.** "**Document**" is defined as the term is used in Federal Rule of Civil Procedure 34.

   **E.** "**Under Seal**" is defined as sealing Confidential Information consistent with the procedure set forth in LR IA 10-5 of the Local Rules for United States District Court, District of Nevada (the "Court"). In the event that the Court publishes a new procedure for the filing of documents under seal, the parties will follow said published procedure.

**III.   TYPES OF MATERIALS THAT MAY BE DESIGNATED AS CONFIDENTIAL**

   Any Discovery Material or other documents, information, or materials may be designated by a producing party as Confidential under this Protective Order. The assertion of this designation of "CONFIDENTIAL" shall constitute a representation to the Court that counsel for the producing party or protected person believes in good faith that the material so designated constitutes Confidential Information as defined in this Protective Order. Except with the prior written consent of the producing party or by Court order or as otherwise compelled by force of law, no Discovery Materials or other documents, information, or materials stamped "CONFIDENTIAL" may be disclosed to any person except as permitted in Section IV below.

**IV.   DESIGNATION OF DISCOVERY MATERIALS AS CONFIDENTIAL**

   **A.   Marking Protected Documents**. Protected documents shall be designated as containing Confidential Information by affixing "CONFIDENTIAL" to the document or informing the parties of the bates-numbers of the documents so designated. If the producing party inadvertently fails to stamp or otherwise appropriately designate or list certain documents, material, or information as "CONFIDENTIAL" upon their production or disclosure, such inadvertent failure to designate shall not constitute nor be deemed a waiver of a subsequent claim of protected treatment under this Protective Order.

   **B.   Designating Testimony**. Any party may designate testimony as Confidential Information by making a statement to that effect on the record at the deposition or other proceeding or within thirty (30) days after receipt of the transcript of deposition or other proceeding by counsel. When Confidential Information is designated on the record at a deposition or other proceeding, the party claiming the testimony is Confidential Information shall make arrangements with the court

reporter taking and transcribing such proceeding to label each page containing the testimony with the designation "CONFIDENTIAL" and all counsel and parties shall treat pages of testimony so designated as a protected document and the testimony itself as Confidential Information. If no designation is made on the record at the deposition or within thirty (30) days after receipt of the deposition transcript, the entire transcript will be deemed not confidential. Any exhibits designated "CONFIDENTIAL" shall be protected under this Protective Order.

**C.    Subsequent Designation**. If a party discovers that material or documents containing Confidential Information have been provided to the opposing party without being properly designated under this Protective Order, that party shall promptly notify the receiving party in writing of the same. The notification shall include an identification of the documents or information (by bates stamp number or some other specific form of identification), and the receiving party shall affix a stamp identifying each document or item of information so identified as "CONFIDENTIAL" and treat the documents as such unless the parties agree that some other procedure for remedying the inadvertence is more appropriate under the circumstances.

**V.    PERMISSIBLE USE OF CONFIDENTIAL INFORMATION, DOCUMENTS, OR MATERIALS**

**A.    Limited Use**. Persons obtaining access to Discovery Materials or other documents, information, or materials stamped "CONFIDENTIAL" pursuant to this Protective Order shall use the information only for the purpose of this matter, through and including appeal(s), and shall not use or disclose in any format or medium such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings, unless required by court order or compelled by force of law. If any person receiving information covered by this Protective Order is: (i) subpoenaed in another action or proceeding; (ii) served with a request or demand in another action to which he, she, or it is a party; or (iii) served with any other legal process by one not a party to this action, seeking information designated as "CONFIDENTIAL" pursuant to this Protective Order, the subpoenaed party shall promptly give written notice, within forty-eight (48) hours of receipt of such subpoena, request, demand, or legal process to the party that produced or designated the material as "CONFIDENTIAL." Such notification must include a copy of the subpoena, request,

demand, or legal process. The party also must within ten (10) calendar days inform in writing the party who caused the subpoena or court order to issue in the other litigation that some or all the material covered by the subpoena or court order is the subject of this Protective Order and deliver to such party a copy of this Protective Order.

**B.    Disclosure of Protected Material**. Notwithstanding Section IV above, access to documents stamped "Confidential" shall be limited to the following individuals:

1. Counsel: Counsel for the respective parties to this Protective Order, including in-house counsel and counsel's support staff (i.e., paralegals, administrative assistants, and those involved in administration functions) and outside service organizations (i.e., organizations providing copy services, translation services, document preparation, trial graphics, and tutorials) but only to the extent that disclosure to such person(s) is necessary in order for them to assist attorneys in connection with this matter;

2. Court Reporters: Court reporters taking testimony and their support personnel;

3. The Parties: The parties to this Protective Order, including the officers, directors, agents and employees of a corporate party, to the extent counsel for such party deems it necessary for the prosecution or defense of this proceeding;

4. The Court: The Court and authorized court personnel. To the extent such "Confidential Information" may be disclosed to court personnel or filed with the Court, it may, upon a showing sufficient to satisfy the requirements of the Court, be done Under Seal;

5. Witnesses: Deposition or other witnesses as necessary in this litigation, provided that such persons have been made aware of the provisions of this Protective Order and have manifested their assent to be bound thereby by signing a copy of the agreement attached hereto as Exhibit A and provided further that disclosure is limited to Confidential Information about which the witness is or is likely to be examined at a deposition or other proceeding;

6. Consultants and Experts: Independent consultants or experts retained by counsel or a party for assistance with respect to this litigation, together with each such person's clerical and support staff, provided that such have been made aware of the provisions of this

PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

QB\95155803.1
03/10/25

Protective Order and have manifested their assent to be bound thereby by signing a copy of the agreement attached hereto as Exhibit A;

7. The persons who are identified as authors or addressees on the face of a document containing Confidential Information, or have been shown by either testimony or documentary evidence to have been recipients or readers of the Confidential Information prior to the commencement of the underlying lawsuit;

8. The videographer who videotapes Confidential Information at a deposition in this litigation;

9. Any arbitrator, mediator or discovery referee in this litigation, and employees and similar personnel of said arbitrator, mediator or discovery referee;

10. Any other individuals agreed to in writing by the designating party; and

11. Others as may be ordered by the Court.

**C. Filing Protected Materials**. If a party wishes to use information or material designated by another party as "CONFIDENTIAL" to support or oppose a motion or otherwise file such information with the Court, the following procedures apply: Counsel shall make a reasonable effort to meet and confer before filing a motion seeking Court approval to file documents Under Seal. To the extent possible, counsel shall submit, along with any document sought to be filed Under Seal, a stipulation and proposed order reciting the reasons for sealing the document for the Court's review and approval. *See* LR IA 10-5; *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). Otherwise, consistent with the procedure set forth in LR IA 10-5 of the Court, the filing party must file a motion seeking leave of Court to file Under Seal any Confidential Information, or, if the Court publishes a new procedure for the filing of documents under seal, follow such published procedure.

**D. Disputes as to Confidentiality Designation**.

1. Meet and Confer Requirement. The parties agree to designate information as "CONFIDENTIAL" on a good faith basis and not for purposes of harassing the receiving party's access to information concerning the lawsuit. If any party believes that a document, tangible item,

or other information that has been designated as "CONFIDENTIAL" is not entitled to be treated as Confidential Information, the party will notify the designating party in writing of its objection to the "CONFIDENTIAL" designation. The parties shall meet and confer, consistent with LR IA 1-3(f) and Section II(B) of the "Standing Order & Chambers Practices of United States Magistrate Judge Maximiliano D. Couvillier III" effective August 8, 2024 [ECF No. 9] ("Standing Order"), in an attempt to reach an agreement regarding the confidential status of the document, tangible item or information within seven (7) business days after the objecting party has advised the designating party of its objection.

       2.      Submission of Discovery Dispute. Consistent with Section II(B)(2) & (3) of the Standing Order, "if the parties are unable to resolve their dispute informally after a good-faith effort, the parties must file a single document captioned 'Stipulation Regarding Discovery Dispute'" that addresses each one of the following items:

    i. A brief, joint summary of the discovery dispute not to exceed one (1) page.

    ii. A restatement of the full text of the discovery requests, or deposition question, in dispute as originally stated and the responses to the requests. This may be done in single-spaced, 10-font.

    iii. A joint summary of the meet-and-confer efforts as required by LR IA 1-3(f), which includes: (1) a summary of discussions; (2) identification of time, place, manner, and participants; and (3) certification from counsel that, despite a sincere effort, the parties were unable to resolve or narrow the dispute without court intervention. This joint meet-and-confer summary may not exceed two (2) pages.

    iv. An explanation, without boilerplate language, of the position taken by each side, not to exceed two (2) pages per side.

    v. Each side must make a proposal of compromise or resolution of the disputed discovery (*e.g.*, request, interrogatory, deposition question). The proposal may not exceed two (2) pages per side.

PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

QB\95155803.1
03/10/25

Upon review of the filed "Stipulation Regarding Discovery Dispute," Magistrate Judge Couvillier may set a telephonic conference, order written briefing, or enter an order deciding the dispute without conference or briefing.

        3.      **Status Pending Resolution of Dispute.** Notwithstanding any challenge to the designation of material as containing Confidential Information, the material shall be treated as Confidential and shall be subject to the provisions hereof unless and until one of the following occurs: (i) all parties that claim that the material contains Confidential Information withdraw such designation in writing; or (ii) the Court order is issued ruling that the material does not contain Confidential Information.

    **E.**    **Rights of Parties**: This Protective Order is without prejudice to the right of any party to apply to the Court for any further protective order relating to any Confidential Information or for an order permitting disclosure of any Confidential Information beyond the terms of this Protective Order.

## VI. <u>MISCELLANEOUS</u>

The provisions of this Protective Order shall not terminate at the resolution of this matter; provided, however, that within thirty (30) days after the final conclusion of this matter, documents stamped "CONFIDENTIAL" and all copies of such documents, other than exhibits of record, shall be returned to the party who produced the documents and designated them as "Confidential." In the alternative, within thirty (30) days of the final termination of this case, all such documents, including copies or extracts or summaries thereof, may be shredded or disposed of in a manner to ensure the destruction thereof and a declaration certifying such destruction or disposal.

Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper. This Protective Order, however, shall not be modified absent an order of the Court

//

//

//

pursuant to a written stipulation by all the parties hereto, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

Respectfully submitted this 9th day of April, 2025.

THE702FIRM INJURY ATTORNEYS

 /s/ Brett J. Schwartz 
MICHAEL C. KANE, ESQ.
Nevada Bar No.: 10096
BRADLEY J. MYERS, ESQ.
Nevada Bar No.: 8857
BRETT J. SCHWARTZ, ESQ.
Nevada Bar No.: 13755
8335 W. Flamingo Road
Las Vegas, Nevada 89147

*Counsel for Plaintiff*

LITCHFIELD CAVO LLP

*/s/ Thane A. Williams* 
MARISA A. POCCI, ESQ.
Nevada Bar No. 10720
THANE A. WILLIAMS, ESQ.
Nevada Bar No.15991
3993 Howard Hughes Parkway, Suite 100
Las Vegas, Nevada 89169

*Counsel for LTF Club Operations Company, Inc., dba Life Time Athletic*

PETERSON BAKER, PLLC

*/s/ Nikki L. Baker* 
NIKKI L. BAKER, ESQ., Bar No. 6562
nbaker@petersonbaker.com
701 S. 7th Street
Las Vegas, NV 89101

*Attorneys for Life Fitness, LLC*

**IT IS SO ORDERED.**

Dated 4-11-25.

_____
Honorable Maximiliano D. Couvillier
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO MAINTAIN CONFIDENTIALITY

I, _____, understand that one of the parties in the litigation (*Pierre Aaron Hudson v. LTF Club Operations Company Inc. dba Life Time Athletic, et al.*, Case No. 2:24-cv-00983-RFB-MDC, U.S. District Court, District of Nevada), desires to disclose to me certain documents, information, and/or materials that have been designated as 'CONFIDENTIAL". I have read and understand the Stipulated Protective Order to which this Acknowledgment and Agreement is attached. I understand and acknowledge that the Stipulated Protective Order governs my use of the Confidential Information, and I agree to be bound by the terms of the Stipulated Protective Order. I agree that I will not disclose any Confidential Information or other documents, information, and/or materials designated as "CONFIDENTIAL" (including any copies, summaries, extracts or notes of any such information) to any individual, agency or entity, except those persons to whom disclosure is permitted under this Stipulated Protective Order. I further agree and hereby submit myself to the personal jurisdiction of the U.S. District Court, District of Nevada with respect to any proceedings for enforcement of or sanctions in connection with my use of Confidential Information under this Stipulated Protective Order.

_____        _____
Print Name                                                            Signature

Date: _____

– 10 –
STIPULATED PROTECTIVE ORDER

QB\95155803.1
03/10/25